2026 IL App (1st) 250404-U

FIFTH DIVISION
July 24, 2026

No. 1-25-0404

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 0786601 |
| | ) | |
| ANDRE GRIFFIN, | ) | Honorable |
| | ) | Joanne F. Rosado, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Pursuant to the one-act, one-crime rule, we vacate defendant's conviction for unlawful possession of a weapon by a felon and one of his convictions for aggravated unlawful use of a weapon. We reject defendant's argument that the aggravated unlawful use of a weapon statute is unconstitutional.

¶ 2    Following a bench trial, defendant Andre Griffin was found guilty of two counts of aggravated unlawful use of a weapon (AUUW), and one count of unlawful possession of a weapon by a felon (UPWF). Mr. Griffin was sentenced to three concurrent three-year prison terms. On appeal, Mr. Griffin contends that the AUUW and UPWF statutes are unconstitutional pursuant to

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also argues that, because all three convictions rest upon the possession of a single firearm, two convictions must be vacated pursuant to the one-act, one-crime rule. The State agrees with the one-act, one-crime argument and we vacate Mr. Griffin's conviction for UPWF and one of his convictions for AUUW. We reject his argument that the AUUW statute is unconstitutional and affirm his conviction on the remaining count.

¶ 3                                    I. BACKGROUND

¶ 4      Mr. Griffin was charged with two counts of AUUW and one count of UPWF following a June 19, 2023, incident. Counts I and II for AUUW alleged that Mr. Griffin knowingly carried in a vehicle an uncased, loaded, and immediately accessible firearm without a concealed carry license (CCL) (Count I) and a Firearm Owner's Identification (FOID) card (Count II), and requested that Mr. Griffin be sentenced as a Class 2 offender based upon a prior conviction. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (d)(3); (a)(1), (a)(3)(C), (d)(3) (West 2022). Count III for UPWF alleged that Mr. Griffin knowingly possessed a firearm in a vehicle and was previously convicted of conspiracy to manufacture methamphetamine. 720 ILCS 5/24-1.1(a) (West 2022).

¶ 5      Prior to trial, Mr. Griffin filed a motion to dismiss the indictment, relying on *Bruen* to allege that the AUUW and UPWF statutes were unconstitutional on their face and as applied to him. The trial court denied the motion.

¶ 6      The evidence at trial established that, on the evening of June 19, 2023, Mr. Griffin drove in front of other customers in a restaurant drive-through lane. When another customer commented, Mr. Griffin, who held an "object" in his hand, began cursing. The customer believed that the object was a firearm and called the police.

¶ 7      A Chicago police officer who responded to the scene testified that, after Mr. Griffin exited

his vehicle, the officer recovered a loaded revolver from underneath the driver's seat. The officer later learned that Mr. Griffin did not have a FOID card or a CCL, and Mr. Griffin was arrested.

¶ 8     The State entered a stipulation that Mr. Griffin had a qualifying felony conviction for purposes of the UPWF statute.

¶ 9     The trial court found Mr. Griffin guilty of two counts of AUUW and one count of UPWF. Mr. Griffin filed a motion to reconsider or, in the alternative, for a new trial, which the trial court denied. Following argument, the trial court imposed three concurrent three-year prison terms. Although Mr. Griffin's mittimus lists a one-year prison term for count III for UPWF, the trial court's oral statement and the "Criminal Disposition Sheet" both reflect a three-year term of imprisonment on that count. Mr. Griffin filed a motion to reconsider sentence, which the trial court denied.

¶ 10                    II. JURISDICTION

¶ 11    The trial court denied Mr. Griffin's motion to reconsider on February 21, 2025, and he timely filed his notice of appeal that same day. We have jurisdiction over this appeal under article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. Mar. 12, 2021), governing appeals from final judgments in criminal cases.

¶ 12                    III. ANALYSIS

¶ 13    On appeal, Mr. Griffin contends that the AUUW and UPWF statutes are unconstitutional under *Bruen*. He also argues that his convictions for AUUW must be vacated pursuant to the one-act, one-crime rule because they are based upon possession of the same firearm as his conviction for UPWF.

¶ 14    We address the one-act, one-crime issue first, to avoid consideration of the constitutional

argument on any convictions that we vacate on that basis. See *People v. Bass*, 2021 IL 125434, ¶ 30 ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort"); *People v. Smith*, 2019 IL 123901, ¶ 14 ("the one-act, one-crime rule is not of constitutional dimension").

¶ 15 Initially, we note that Mr. Griffin forfeited review of this issue by failing to raise it in the trial court. See, *e.g.*, *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, our supreme court has held that "forfeited one-act, one-crime arguments are properly reviewed under the second prong of the plain-error rule because they implicate the integrity of the judicial process." *People v. Nunez*, 236 Ill. 2d 488, 493 (2010). A one-act, one-crime challenge presents a question of law, which we review *de novo*. *People v. Almond*, 2015 IL 113817, ¶ 47.

¶ 16 Pursuant to the one-act, one-crime rule, "[m]ultiple convictions are improper if they are based on precisely the same physical act." *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). An act is "any overt or outward manifestation which will support a different offense." *People v. King*, 66 Ill. 2d 551, 566 (1977). Our supreme court has explained that a person's felon status "is not an 'act' but, rather, a state of being." *People v. Coats*, 2018 IL 121926, ¶ 27. Similarly, a person's status as unlicensed to possess a firearm is not an "act" within the meaning of the rule. See *People v. Shannon*, 2024 IL App (1st) 230042, ¶¶ 8-11 (convictions for AUUW and UPWF violated the one-act, one-crime rule when the defendant possessed a single firearm).

¶ 17 When two convictions arise from the same physical act, a sentence should be imposed on the more serious offense, and the sentence on the less serious offense should be vacated. *People v. West*, 2017 IL App (1st) 143632, ¶ 24. When "determining which offense is the more serious, a reviewing court compares the relative punishments prescribed by the legislature for each offense," as greater punishment is mandated for the more serious offense. See *People v. Artis*, 232 Ill. 2d

156, 170 (2009).

¶ 18    Here, the State concedes, and we agree, that Mr. Griffin's multiple convictions in this case violate the one-act, one-crime rule when he possessed only one firearm. See *People v. Johnson*, 237 Ill. 2d 81, 97 (2010) ("a defendant may not be convicted of multiple offenses that are based upon precisely the same physical act"). Because Mr. Griffin's convictions for AUUW and UPWF are all predicated on the physical act of possession of a single firearm, multiple convictions violate the one-act, one-crime rule. See *West*, 2017 IL App (1st) 143632, ¶¶ 24-25. When a defendant is convicted of multiple offenses "based upon the same single physical act, the conviction for the less serious offense must be vacated." *Johnson*, 237 Ill. 2d at 97.

¶ 19    Initially, the parties disagreed as to which conviction should stand. Mr. Griffin argued in his opening brief that his convictions for AUUW should be vacated as the sentencing range for AUUW is less than the sentencing range for UPWF. The State, in its response argued that, because Mr. Griffin was found guilty of the Class 2 offense of AUUW due to a prior conviction, the AUUW convictions are " 'more serious ' " than the UPWF conviction. According to the State, the UPWF conviction and the count II AUUW conviction should be vacated. In his reply brief, Mr. Griffin agreed with the State.

¶ 20    We agree with the parties that one of the UPFW conviction and one of the AUUW convictions should be vacated. Here, Mr. Griffin was convicted of two counts of the Class 2 felony of AUUW based on a prior felony conviction (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (d)(3); (a)(1), (a)(3)(C), (d)(3) (West 2022)), and the Class 3 felony of UPWF (720 ILCS 5/24-1.1(a), (e) (West 2022)). The sentencing range for the Class 2 offense of AUUW is 3 to 7 years' imprisonment and the sentencing range for the Class 3 offense of UPWF is 2 to 10 years' imprisonment. See 720 ILCS 5/24-1.6(d)(3) (West 2022); 720 ILCS 5/24-1.1(e) (West 2022). In *People v. Johnson*, 237

Ill. 2d 81 (2010), our supreme court explained why, when these are the charges, AUUW should be considered a more serious offense.

¶ 21    The court noted that the applicable sentencing range for the Class 2 offense of AUUW was 3 to 7 years' imprisonment and the applicable sentencing range for the Class 3 offense of UPWF was 2 to 10 years' imprisonment. *Id.* at 98. The court further noted that the defendant's conviction for AUUW, charged as a Class 2 offense, was subject to a mandatory supervised release (MSR) term of two years, whereas his UPWF conviction, charged as a Class 3 offense, was subject to a one-year MSR term. *Id.*

¶ 22    The court determined that:

"unlawful possession of a weapon by a felon was given a lower felony classification by the legislature, was made a probationable offense, and was made subject to a shorter period of mandatory supervised release. By contrast, aggravated unlawful use of a weapon was given a higher felony classification by the legislature, was made a nonprobationable offense, was given a higher minimum sentence of imprisonment, and was made subject to a longer period of mandatory supervised release." *Id.* at 99.

¶ 23    Based on all of this, the court concluded that the legislature intended that UPWF be the less serious offense and vacated the defendant's conviction for UPWF pursuant to the one-act, one-crime rule. *Id.* For the reasons articulated by the *Johnson* court, we find that Mr. Griffin's conviction for the Class 3 offense of UPWF is the less serious offense as compared to his convictions for the Class 2 offense of AUUW.

¶ 24    The remaining two AUUW counts are Class 2 felonies that carry the same punishment. See 720 ILCS 5/24-1.6(d)(3) (West 2022). One of those convictions must also be vacated. We could remand to the trial court to determine which crime was more serious. See *People v. Hatcher*, 2024

IL App (1st) 220455, ¶¶ 3, 67-69. However, the State suggests and Mr. Griffin agrees that, in the interest of judicial economy, this court can exercise its authority under Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967) and order the correction of defendant's mittimus to reflect a single AUUW conviction under Count 1. See *People v. Price*, 221 Ill.2d 182, 194-95 (2006) (remand unnecessary where one-act, one-crime principles required the vacation of multiple theft convictions because both the statutory penalty and the concurrent sentences imposed were identical).

¶ 25    Having vacated Mr. Griffin's conviction for UPWF, we need not address his constitutional challenge to the UPWF statute. See *People v. Lopez*, 2025 IL App (1st) 232120, ¶ 17. We will address the AUUW statute, which is the basis for Mr. Griffin's remaining conviction on Count I. Mr. Griffin contends that the statute is both facially unconstitutional and unconstitutional as applied to him.

¶ 26    A defendant raising a constitutional challenge to a statute has the heavy burden to rebut the strong judicial presumption that the challenged statute is constitutional. *People v. Rizzo*, 2016 IL 118599, ¶ 23. To overcome this presumption, a defendant must clearly establish that the statute violates the constitution. *Id*. However, courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving doubts in favor of a statute's validity. *Id*. Whether a statute is constitutional is a question of law that we review *de novo*. *People v. Villareal*, 2023 IL 127318, ¶ 14.

¶ 27    A constitutional challenge to a statute may be facial or as-applied. *Rizzo*, 2016 IL 118599, ¶ 24. A facial challenge requires the challenging party to show that the statute is unconstitutional under any set of facts, whereas an as-applied challenge depends on the particular facts and circumstances of an individual case. *Id.*

¶ 28    Mr. Griffin first contends that the provisions of the AUUW statute requiring a valid CCL to carry a firearm in public is facially unconstitutional under *Bruen* because criminalization of firearm possession without a CCL and FOID card burdens the individual right to bear arms and there is no historical analogue.

¶ 29    A facially unconstitutional statute is void *ab initio*, meaning that "the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *People v. Thompson*, 2015 IL 118151, ¶ 32. A defendant raising a facial challenge has a particularly heavy burden, as the fact that the statute might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. *Rizzo*, 2016 IL 118599, ¶ 24.

¶ 30    The second amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. This amendment protects an individual's right to keep and bear arms for self-defense and was made applicable to the states via the Fourteenth Amendment (U.S. Const., amend. XIV). *Bruen*, 597 U.S. at 17; *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010).

¶ 31    In *Bruen*, the United States Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 597 U.S. at 10. The Court then evaluated whether a New York law mandating that individuals prove " 'proper cause' " existed for obtaining a license to carry a firearm outside the home comported with the Second Amendment. *Id*. at 12 The Court characterized the New York firearm licensing regime as a " 'may issue' " regime, distinguishable from " 'shall issue' " regimes because of its discretionary nature. *Id*. at 13-14. It found such a licensing regime unconstitutional under the Second Amendment. *Id*. at 70-71.

¶ 32    In so holding, the Court articulated a two-part process for assessing the constitutionality of firearms regulations: a court must first analyze whether "the Second Amendment's plain text covers an individual's conduct." *Id*. at 24. If so, the government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

¶ 33    The *Bruen* Court noted that 43 states were " 'shall issue' " jurisdictions where authorities have no discretion to deny a concealed-carry license when threshold requirements are met. *Id*. at 13. While it found the New York licensing regime unconstitutional, the Court stated that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' ' "shall-issue" ' licensing regimes." *Id*. at 38 n.9.

¶ 34    Recently, in *People v. Thompson*, 2025 IL 129965, our supreme court rejected the same argument Mr. Griffin raises here. There, the defendant challenged the constitutionality of the AUUW statute "as impermissibly restricting law-abiding citizens' right to openly carry handguns in public and enforcing an ahistorical double licensing regime that mandates CCLs and FOID cards." *Id*. ¶ 13.

¶ 35    The court noted that the *Bruen* Court focused on the " 'may issue' " nature of the New York statute, in contrast to the " 'shall issue' " nature of CCLs and FOID cards, which must be issued " 'whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability.' " *Id*. ¶¶ 18, 20, 29-30 (quoting *Bruen*, 597 U.S. at 13). The court explained that the "*Bruen* Court expressly declared shall-issue licensing regimes facially constitutional under the second amendment *because* they neither give officials licensing discretion nor require the applicant to show an atypical need for self-defense." (Emphasis in original.) *Id*. ¶ 39. The court acknowledged that the "defendant's

possession of a ready-to-use firearm in his vehicle constitutes public concealed carriage, which is presumptively protected under *Bruen*." *Id*. ¶ 44. The court concluded, however, that the *Bruen* Court's "express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to section 24-1.6(a)(1), (a)(3)(A-5) and its enforcement of CCL and FOID card licensure." *Id*. The court therefore held that "*Bruen* itself stands for the proposition that Illinois's nondiscretionary, 'shall-issue' firearm licensing regime does not violate the second amendment." *Id*. ¶ 3.

¶ 36 Following *Thompson*, we similarly must conclude that the CCL provision of the AUUW statute is not facially unconstitutional. *Yakich v. Aulds*, 2019 IL 123667, ¶ 13 (circuit and appellate courts are bound to apply our supreme court's precedent). We therefore reject Mr. Griffin's facial challenge to the constitutionality of the provision of the AUUW statute under which he was convicted on Count I.

¶ 37 Finally, Mr. Griffin contends that the AUUW statute is unconstitutional as applied to him. Here, Mr. Griffin raised an as-applied challenge in the circuit court and the evidence presented at the trial is sufficient for this court to review Mr. Griffin's claim, given that the record includes facts surrounding the predicate felony offense and Mr. Griffin's possession of a weapon. See *People v. Burns*, 2024 IL App (4th) 230428, ¶ 11 ("an as-applied challenge depends on the particular facts and circumstances of the party").

¶ 38 Initially, Mr. Griffin argues that *Thompson* is distinguishable. He argues that the AUUW statute is unconstitutional as applied to him because his felon status prevents him from obtaining a CCL and the FOID card that was a predicate to his obtaining a CCL. We disagree.

¶ 39 Mr. Griffin's ineligibility for a CCL and a FOID card due to his criminal history does not exempt him from Illinois's statewide licensing requirements for all individuals. *Thompson*

specifically noted that "a FOID card applicant must submit proof that he or she *** has not been convicted of a felony," clearly showing that our supreme court considered this factor in its ruling. *Thompson*, 2025 IL 129965, ¶ 19. Moreover, felons are not permanently banned from firearm possession. A person may seek relief under section 10 of the Firearm Owners Identification Card Act (430 ILCS 65/10 (West 2022)). See 720 ILCS 5/24-1.1(a) (West 2022) ("This Section shall not apply if the person has been granted relief by the Director of the Illinois State Police under Section 10 of the Firearm Owners Identification Card Act."); see also *People v. Cox*, 2025 IL App (1st) 241260, ¶ 16.

¶ 40    More importantly, however, as this court has explained, "*Bruen* just does not apply" under the circumstances at issue here. See *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37. In *Baker*, this court explained that "[t]he *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like [the] defendant." *Id.* (quoting *Bruen*, 597 U.S. at 71). In other words, the Second Amendment protects the firearm rights of law-abiding citizens, not felons. *Id.* In *People v. Boss*, 2025 IL App (1st) 221855, ¶¶ 60-62 (Mikva, P.J., specially concurring), this court noted that an as-applied challenge is not legally viable under either application of the *Bruen* framework previously articulated by this court. Under the first approach, felons are excluded from the scope of the Second Amendment, and, therefore, cannot raise a facial or as-applied challenge predicated thereon. *Id.* Under the second approach, laws that prohibit felons from possessing firearms are understood to be generally consistent with this country's historical tradition of firearm regulation. *Id.* ¶ 61.

¶ 41    We have previously found that firearm disqualifications based on felony status are historically justified and therefore constitutional, even when "permanent" (*People v. Stephens*,

2024 IL App (5th) 220828, ¶¶ 10, 21, 25) or based upon nonviolent criminal offenses (*People v. Brooks*, 2023 IL App (1st) 200435, ¶ 100). See *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). In other words, this court has already concluded that the Second Amendment does not cover firearm possession by felons and only applies to law-abiding citizens. *Boss*, 2025 IL App (1st) 221855, ¶ 33.

¶ 42    At Mr. Griffin's trial, the parties stipulated that Mr. Griffin had a qualifying felony conviction for purposes of the UPWF statute, which the indictment identified as conspiracy to manufacture methamphetamine. Because Mr. Griffin is a felon and *Bruen* does not apply to firearm possession by felons, the AUUW statute is not unconstitutional as applied to him. See *People v. Welch*, 2025 IL App (1st) 231116, ¶ 60 ("a felon is simply outside the box drawn by *Bruen* " (internal quotation marks omitted)); *Baker*, 2023 IL App (1st) 220328, ¶ 37 ("The *Bruen* Court could not have been more clear that its newly announced test applied only to laws that attempted to regulate the gun possession of 'law-abiding citizens,' and not felons like defendant." (quoting *Bruen*, 597 U.S. at 71)).

¶ 43                    IV. CONCLUSION

¶ 44    We vacate Mr. Griffin's conviction on Count III for UPWF and Count II for AUUW, pursuant to the one-act, one-crime rule and reject his claim that the AUUW statute is unconstitutional as applied to him or on its face.

¶ 45    Affirmed in part; and vacated in part. Mittimus ordered corrected to reflect conviction on Count I only.